# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS TOLBERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY FOXX,<br><br>　　　　Defendant. | **1:14-cv-01577-KJM-GSA (PS)**<br><br>**FINDINGS AND RECOMMENDATIONS RE. PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br><br><br>**(Doc. 2)** |

## I.  INTRODUCTION

Plaintiff Otis Tolbert ("Plaintiff"), proceeding pro se, filed a complaint and an application to proceed in forma pauperis, to initiate this action. Docs. 1, 2. As discussed in more detail below, the Court finds that Plaintiff has not made the requisite showing, under 28 USC § 1915(a), for proceeding in forma pauperis. Accordingly, the undersigned RECOMMENDS that Plaintiff's application to proceed in forma pauperis be DENIED.

///

## II.  DISCUSSION

**A.  Legal Standard**

An indigent party may be granted permission to proceed "in forma pauperis" upon submitting an affidavit showing his or her inability to pay the required fees.  28 USC § 1915(a). The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion.  *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850, citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).  "If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989), (citing, *Temple*, 586 F.Supp. at 851(quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam)).

In sum, to prevail on a motion to proceed IFP, a plaintiff need not demonstrate that he is completely destitute but must show that, because of his poverty, he cannot pay the filing fee and still provide his dependents with the necessities of life.  *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  A "'showing of something more than mere hardship must be

made.'" *Nastrom v. New Century Mortg. Corp.*, No. 11-cv-1998, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting *Martin v. Gulf States Utilities Co.*, 221 F.Supp. 757, 759 (W.D. La.1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan.12, 2012).

**B.     Plaintiff has not Made the Requisite Showing Under 28 U.S.C. § 1915(a)**

In his IFP application, Plaintiff states that he is employed by the United States Department of Transportation, and that his take-home salary is $3309.00.[1]  Plaintiff further notes that he receives Social Security payments of $1500.00 and retirement insurance payments of $1800.00.[2]  Based on Plaintiff's representations, the Court can reasonably infer that he receives a monthly income of at least $6,609.00.  Furthermore, the IFP application indicates that Plaintiff owns four automobiles, although he does not indicate the model years for the automobiles.  Finally, the only person dependent on Plaintiff for support is his wife, Nancy L. Tolbert.  Based on these representations, the Court finds that Plaintiff is not entitled to proceed without prepayment of the $400.00 filing fee.  *See, e.g.*, *Said v. Tehama Cnty.,* No. 2:13-cv-0231 JAM JFM, 2013 WL 1310679, at *1 (E.D. Cal. Mar. 28, 2013); *Himebauch v. Kaweah Delta Med. Ctr.*, No. 12-cv-0587 LJO BAM, 2012 WL 1969057, at *2 (E.D. Cal. May 31, 2012) report and recommendation adopted, No. 12-cv-0587 LJO BAM, 2012 WL 2339340 (E.D. Cal. June 19, 2012).

Plaintiff is further advised that upon payment of the filing fee, the Court will, in due course, screen Plaintiff's complaint for legal sufficiency.  *See* 28 U.S.C. § 1915(e)(2); *Himebauch* 2012 WL 1969057, at *2.  The Clerk of Court will issue a summons in this matter only after the complaint has been screened and deemed appropriate for service.  Plaintiff is advised that the Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is

---

[1] Plaintiff does not specify whether his take-home salary of $3309.00 is paid on a monthly or bimonthly basis.
[2] Plaintiff does not specify the frequency of these payments but the wording of the application suggests that these payments are received on a monthly basis.

3

immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Omar v. Sea-Land Service, Inc*., 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

### III.   RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Plaintiff's application to proceed in forma pauperis be denied and Plaintiff be required to submit the filing fee of $400.00.  These findings and recommendations are submitted to the Honorable Kimberly J. Mueller, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 4, 2015**                            /s/ Gary S. Austin
                                                        UNITED STATES MAGISTRATE JUDGE